(83 App. Div. 292.)

### GEER v. CLARK.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. VENDOR AND PURCHASER—CONTRACT—EXECUTION—SPECIFIC PERFORMANCE.
    A written agreement reciting that, plaintiff having offered to purchase certain described real estate for defendant at a certain price, defendant thereby accepted the offer and agreed to sign a formal contract for the sale of the same on a certain day at plaintiff's residence, and that G., who was the broker, having earned his commission, defendant agreed to pay him the amount thereof on the signing of the contract, and providing for the payment of a certain part of the price on the execution of the contract, was a mere agreement to enter into a contract for the sale of real estate, and not a contract which could be specifically enforced.

2. SAME—CONSIDERATION.
    Such agreement not being under seal, and containing no agreement on plaintiff's part either to accept a deed of the property or pay the consideration, and containing no recital of considerations to support the same, could not be enforced for want of a consideration.

Appeal from Special Term, New York County.

Action by Letitia Mumford Geer against Hortense Clark to enforce an alleged contract for the sale of real estate. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edward Winslow Geer, for appellant.

INGRAHAM, J. This action was brought to enforce the following instrument, signed by the defendant and annexed to the complaint, as a contract for the sale of real estate:

"Letitia Mumford Geer having this 13th day of June, 1899, offered to pay me twenty thousand dollars for my flat house No. 118 West 115th St., N. Y. City, and the further consideration of (100) one hundred shares of the Monterey Gold Mining Stock, and the rents of the aforesaid house for July, 1899, I herewith accept said offer. I agree to sign the formal contract of sale for said house on Thursday, June 15th, 1899, at Miss Geer's residence,

No. 2 E. 118th St., N. Y. City, at 12 noon. Edward Winslow Geer being the broker in this sale, and having earned his commission, I do now agree to pay him two hundred ($200) dollars in full on the signing of the contract June 15th inst. Miss L. M. Geer is to pay me two hundred and fifty (250) dollars on account on signing of the contract. Said property is sold subject to first mortgage of $16,000 at 5% and 2d mortgage of $2,750 at 5%.

"Rents $2,424 and all flats rented. Hortense Clark.

"In presence of Edward Winslow Geer."

The defendant admitted the signing of the instrument. The court found that at the time it was signed it was understood by the parties that the instrument was in no wise to be construed as or to constitute a contract for the sale of said real estate; that no other contract for the sale of said real estate had been entered into between the parties; that no deed had been presented to the defendant for execution by her conveying said real estate to the plaintiff; and, as a conclusion of law, that the paper writing set forth in and attached to the complaint was not a contract for sale by the defendant to the plaintiff of said real estate, and that no decree of specific performance could be directed upon said paper writing, and therefore dismissed the complaint.

The plaintiff seeks to enforce this agreement as a contract for the sale of real estate. But by its terms it is not such a contract. It contemplates the execution of a formal contract, and the only agreement made by the defendant is to execute such a contract. There was no agreement to execute or deliver a deed of the property. The only obligation which the defendant expressly assumed was to pay $200 to the broker who prepared the instrument and induced the defendant to sign it. This is explained by the fact that the broker prepared the agreement. The instrument itself is so indefinite and uncertain that it could not be turned into a contract for a sale of the property. The agreement not being sufficiently definite to justify the court in decreeing its specific performance, the complaint should have been dismissed, and the rulings upon questions of evidence are not material. But it is also evident that the contract could not be enforced because of the absence of a consideration. No consideration is expressed in the instrument; it is not under seal; the complaint fails to allege that there was any consideration, and the evidence fails to show one. The plaintiff did not agree to do anything. There was no agreement on her part to sign a contract, to accept a deed of the property, or to pay the consideration for its conveyance. There were thus no mutual promises which would support an agreement by the defendant either to sign a contract or to execute and deliver a deed of the property. The contract upon its face was not intended to be a contract for a sale of the property and was incapable of enforcement.

It follows that the judgment appealed from must be affirmed, but, as the respondent did not appear, the affirmance should be without costs. All concur.