(45 Misc. 423)

## SCHENKEL v. LISCHINSKY.

(Supreme Court, Appellate Term.　November 10, 1904.)

1. CONTRACT—CONSTRUCTION—SUBLEASE.
　　Where defendant contracted to execute an instrument conveying to plaintiff a lesser interest in certain real property than that which was conveyed to defendant by an original lease to him, such contract was an agreement to execute a sublease, and not an agreement to assign the lease held by defendant.

2. SAME—CONSENT OF LESSOR.
　　Where there was no prohibition against subleasing in defendant's original lease, the consent of the original lessor was not necessary to entitle defendant to sublet.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Jacob Schenkel against Nochem Lischinsky.　From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF, and FITZGERALD, JJ.

S. Hellinger, for appellant.
Max Schleimer, for respondent.

FITZGERALD, J.　The agreement in question is not an agreement to assign a lease; it is an agreement to execute a sublease. It distinctly provides that the instrument which defendant contracts to execute and which plaintiff contracts to accept is to convey by its terms to the lessee a lesser interest than is given to the lessor by the covenants of the original lease.　In other words, it provides for a reversion, whereas an assignment would constitute an absolute transfer to the assignee of the lessor's entire interest in the demised premises.　Ganson v. Tifft, 71 N. Y. 48; Constantine v. Wake, 1 Sweeny, 246.

This agreement was an enforceable one; it was not a mere agreement to enter into a lease, but all of the terms and conditions of the proposed lease are definitely set forth, and it is in these respects distinguishable from Geer v. Clark, 83 App. Div. 292, 82 N. Y. Supp. 87.　There was no prohibition from subleasing in the original lease, and the consent of the original lessor was unnecessary, as no requirement to procure it is provided for in the agreement under consideration.　The plaintiff must be held to the written contract he entered into, and the judgment appealed from must be reversed.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.　All concur.

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 222.